# IN THE COURT OF APPEALS OF IOWA

No. 16-1521
Filed August 2, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JASON RANDALL CLARK,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Guthrie County, Randy V. Hefner, Judge.

The defendant challenges the denial of his motion to suppress evidence obtained as a result of a purportedly unlawful traffic stop. **AFFIRMED.**

Billy J. Mallory and Allison M. Steuterman of Brick Gentry, P.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

At approximately 12:05 a.m. on June 9, 2016, two Panora Police Department officers were driving through town. As they approached an intersection, the officers heard the "sustained squealing" of tires coming from the intersection. The officers observed a vehicle drive through the intersection. The officers activated their lights and initiated a traffic stop of the vehicle. During the course of the traffic stop, the officer observed conduct indicating the driver was intoxicated. The driver, Jason Clark, was subsequently charged with operating while intoxicated, in violation of Iowa Code section 321J.2 (2016), and careless driving, in violation of section 321.277A.

Clark moved to suppress the evidence obtained from the traffic stop, contending the stop was an unconstitutional search and seizure. The district court denied the motion on the ground the officers had reasonable suspicion to initiate the traffic stop:

> Though the officers may not have known why Clark squealed his tires, they certainly had reasonable suspicion to believed he had violated section 321J.277A(1). There were no other vehicles in Clark's vicinity when the officers saw him in the intersection, and no environmental conditions that would have justified or explained the squealing of the tires. They reasonably suspected that he had illegally squealed his tires intentionally and unnecessarily.

Following a stipulated trial on the minutes of testimony, Clark was convicted as charged. He now appeals, challenging the ruling on his motion to suppress evidence. Specifically, Clark contends the district court erred in concluding the officers needed only reasonable suspicion to initiate the traffic stop rather than probable cause.

This court reviews constitutional claims de novo. *See State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011). This review contemplates "an independent evaluation of the totality of the circumstances as shown by the entire record." *Id.* "A motion to suppress on constitutional grounds is a challenge to the admissibility of evidence seized from a defendant. Therefore, we may affirm the district court's suppression ruling on any ground appearing in the record, whether urged by the parties or not." *State v. Gaskins*, 866 N.W.2d 1, 44 (Iowa 2015) (Waterman, J., dissenting).

The Fourth Amendment provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. The Fourth Amendment is applicable to state actors by incorporation via the Fourteenth Amendment. *See Mapp v. Ohio*, 367 U.S. 643, 660 (1961). The touchstone of the Fourth Amendment is reasonableness. *See Rodriguez v. United States*, 135 S. Ct. 1609, 1617 (2015) (Thomas, J. dissenting) (stating "the ultimate touchstone of the Fourth Amendment is 'reasonableness'" (quoting *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006))); *State v. Kreps*, 650 N.W.2d 636, 641 (Iowa 2002).

The text of article I, section 8 of the Iowa Constitution is materially indistinguishable from the federal constitutional provision. *See Kreps*, 650 N.W.2d at 640. The defendant mentions the Iowa Constitution but does not make a substantive argument for any different result under the Iowa Constitution. Where, as here, a "party raises issues under the Iowa Constitution and the Federal Constitution, but does not suggest a different standard be applied under the Iowa Constitution, we generally apply the federal standard." *State v.*

*Edouard*, 854 N.W.2d 421, 452 (Iowa 2014) (Appel, J., concurring specially), *overruled on other grounds by Alcala v. Marriott Intern., Inc.*, 880 N.W.2d 699 (Iowa 2016).

A traffic stop is a "seizure" within the meaning of the Fourth Amendment. *See Whren v. United States*, 517 U.S. 806, 809–10 (1996). There are two general categories of traffic stops.

> The first category is a traffic stop initiated to investigate and enforce violations of the traffic laws. A stop of this nature is reasonable when the law enforcement officer has probable cause to believe the motorist violated the traffic or safety code. *See Whren*, 517 U.S. at 810. "Probable cause exists if the totality of the circumstances as viewed by a reasonable and prudent person would lead that person to believe that a crime has been or is being committed and that the arrestee committed or is committing it." *State v. Bumpus*, 459 N.W.2d 619, 624 (Iowa 1990). When an officer "observes a violation of our traffic laws, however minor, the officer has probable cause to stop a motorist." *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004). The second category of traffic stop is an investigative stop based on the law enforcement officer's reasonable suspicion the motorist is engaged in criminal activity. "Reasonable suspicion to stop a vehicle for investigative purposes exists when articulable facts and all the circumstances confronting the officer at the time give rise to a reasonable belief that criminal activity may be afoot." *State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015). The categories are not mutually exclusive. *See id.*

*State v. Campbell*, No. 15-1772, 2017 WL 706208, at *3 (Iowa Ct. App. Feb. 22, 2017).

On de novo review, we conclude the traffic stop was justified by probable cause to believe the defendant committed a traffic offense. The Code defines careless driving as follows:

> A person commits careless driving if the person intentionally operates a motor vehicle on a public road or highway in any one of the following ways:
> 1. Creates or causes unnecessary tire squealing, skidding, or sliding upon acceleration or stopping.

Iowa Code § 321.277A. The officers were approximately one-half block from the intersection. They heard the "sustained squealing of tires" for a "lengthy duration" from the intersection. At the same time, they observed the defendant's vehicle going through the intersection. It was late night. There were no other vehicles in the area. It was not raining. The road conditions were dry. Based on the officers' training and experience involving similar cases, the officers had probable cause to believe the squealing was unnecessary and initiated a traffic stop to investigate further. We have found probable cause to exist in similar circumstances. *See, e.g., State v. Szakacs*, No. 04-1193, 2005 WL 1963213, at *3–4 (Iowa Ct. App. Aug. 17, 2005) (holding officer had probable cause to initiate a traffic stop for careless driving where the officer observed motorist "screeching his tires"). We so conclude in this case.

Because we conclude the officers here had probable cause to initiate the traffic stop, we need not address Clark's argument the district court erred in concluding the stop could be justified by reasonable suspicion. The district court did not err in overruling the defendant's motion to suppress evidence. We affirm the defendant's convictions.

**AFFIRMED.**